## Jane Kellogg, Plff. in Err., *v.* C. W. Gilfillan.

While ejectment cannot be maintained by the vendee of the heir at law against the widow, where she has consistently asserted her right to possession of the property as widow and has not claimed adversely to the title of the heir, yet if the widow asserts an independent title in herself and denies that of the heir, the action will lie.

In such action where the widow has set up title in herself, perhaps, after plaintiff has exhibited enough evidence to entitle him to recover, a motion to amend her abstract of title so as to claim as widow ought ordinarily to be granted on payment of costs; but if no excuse is offered for not filing a correct abstract of title at the outset, and no offer is made to strike out all averments of outstanding titles, and she is permitted to give in evidence everything she could have proved if the amendment had been allowed, there is no error in the refusal to allow it.

An averment of an outstanding tax title, in the abstract of title, is a denial by necessary implication of title in the heir at law, as well as in his vendee.

(Argued October 4, 1887. Decided October 24, 1887.)

October Term, 1887, No. 37, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the

Cited in Foust v. Northern C. R. Co. 5 Pa. Co. Ct. 268.

NOTE.—Ordinarily, an amendment to the abstract of title will be allowed in case of mistake. Meade v. Clarke, 159 Pa. 159, 23 L. R. A. 479, 39 Am. St. Rep. 669, 28 Atl. 214; Foust v. Northern C. R. Co. 5 Pa. Co. Ct. 268.

Common Pleas of Venango County to review a judgment in favor of plaintiff in an action of ejectment. Affirmed.

On May 8, 1861, Henry N. Kellogg became owner in fee of a lot in the borough of Franklin. He died intestate in 1863, leaving a widow, Jane Kellogg, and two children, Martin and William, surviving him. The estate was small, the lot in question being the only real estate owned at the time of his death by deceased. The family remained together on the property for some time, but eventually all left, the boys going first, and the widow always claiming to have a right of possession therein.

Letters of administration upon the estate were issued to the widow. She filed an inventory and made application to have this house and lot, or so much thereof as would be of the value of $300, set apart to her under the statute as exempt. The appraisers, being of the opinion that the lot could not be divided without injury to the whole, did not set apart any part of it to her, but reported that the premises be sold, and that there be set apart to her out of the proceeds the sum of $300.

After the boys became of age C. W. Gilfillan purchased whatever title they had to the property, and failing to get possession he brought this action of ejectment against the widow, Jane Kellogg, alleging that she claimed to own the property by gift from her husband, and that she denied the right of the children and their vendee, and held the possession of the land adversely to them. Defendant, as one branch of her abstract of title, set up, as the sixth paragraph therein, uninterrupted and adverse possession in herself of the *locus in quo* under a claim of right for more than twenty years.

At the trial, after the plaintiff's evidence was all in, defendant moved for leave to amend her abstract of title by stating that "defendant, Jane Kellogg, is the widow of H. N. Kellogg, deceased; that said H. N. Kellogg died seised of the premises in question, and that she has been ever since her husband's death, and now is, in possession of said premises by virtue of her right as widow. That she is the administratrix of her deceased husband and that said estate is unsettled," which motion was overruled [1] and defendant excepted.

At the close of her evidence defendant moved for leave to amend her abstract of title by striking out the sixth paragraph, which motion was overruled [2] and defendant excepted.

Plaintiff's counsel offered in evidence defendant's brief of title, to show claim of title.    Defendant objected, on the ground that "the brief of title as offered by the plaintiff is not the statement of facts on which the defendant now relies; that the defendant disclaims the right to recover or defend on the ground of the matter set forth in the sixth paragraph of said brief; and states that that is not her claim but that she depends upon the evidence adduced."

The court overruled the objection and sustained the offer [3] and defendant excepted.

The court instructed the jury, *inter alia,* as follows:    ["We instruct you, if you find that the defendant, Mrs. Jane Kellogg, has been holding adversely to these children or their vendee, that is, claiming to hold it as her own, independent of them, and keeping them out of possession, this action would lie;"] [4] to which defendant excepted.

Defendant requested the court to instruct the jury, among other things:

1. "That under the evidence the plaintiff is not entitled to recover; which point was answered as follows:    ["We cannot affirm this point; we submit the question to the jury;"] [5] and defendant excepted.

3. "That the heirs of H. N. Kellogg could not have maintained this action against Mrs. Jane Kellogg, widow of their deceased father, and that the plaintiff could not and did not, by the conveyance made by the heirs, acquire any greater or different right than they had, and cannot maintain this action against the defendant, Mrs. Kellogg."

Which point was answered as follows:    ["So far as this point is concerned, we think the heirs could maintain this action of ejectment, and therefore the vendee could maintain it;"] [6] and defendant excepted.

4. "That the only right acquired by the plaintiff, under the conveyance from Martin and William Kellogg, is the right to take and receive such portion of the premises in question, or the proceeds thereof, after a settlement of said estate by the orphans' court, as the said children would be entitled to receive."

Which point was answered as follows:    ["This point as made is answered in the negative, with reference to the facts in the case;"] [7] and defendant excepted.

5. ["That it appearing that the defendant, Mrs. Jane Kel-

logg, is the widow and administratrix of H. N. Kellogg, deceased, she is not liable in this action to the plaintiff for the land or for mesne profits; that the rights of the heirs and of the plaintiff as their grantee are exclusively within the jurisdiction of the orphans' court."]

Which point was answered as follows: ["This point is answered in the negative;"] [8] and defendant excepted.

Defendant objected to defendant's abstract of title going out with the jury; but the court overruled the objection and sent it out [9] and defendant excepted.

Verdict was returned for plaintiff; and judgment having been entered thereon defendant sued out this writ, and presented as assignments of error: 1 and 2, The denying of defendant's motions to amend abstract of title; 3, the portion of the charge above set forth; 4 to 8, answers to points; 9, permitting defendant's abstract of title to be sent out with the jury.

*J. H. Osimer,* for plaintiff in error.—The plaintiff was not entitled to recover for the reasons: 1. He must, if he recover at all, do so upon the strength of his own title. 2. He acquired by the conveyance to him from Martin B. and William Kellogg their rights and title.

The rights of the heir are subject: 1. To the claims of creditors and the costs of administration. 2. The rights of the widow under the statute.

It cannot be known what or whether the heir takes anything in his deceased ancestor's estate until after the settlement of the estate and the assignment of dower. Scott, Intestate Law, 182; Horner v. Hasbrouck, 41 Pa. 169; Dresher v. Allentown Water Co. 52 Pa. 225, 91 Am. Dec. 150.

3. Dower has not been assigned, partition has not been made. The widow remained in possession after the death of her husband and received the rent. The heir could not maintain ejectment in such case. Seider v. Seider, 5 Whart. 208; Gourley v. Kinley, 66 Pa. 270.

*J. D. Hancock* and *E. H. Lamberton,* for defendant in error. —The plaintiff could only recover and the defendant defend upon the state of the title when the suit was brought. The abstract of the defendant showed an adverse claim in every part,

not only to the title of the heirs, but to her own right as widow of the decedent.

"Ordinarily, an abstract of title filed by either party under a rule of court would be evidence; for its principal design is to relieve the case of the proof of such papers and evidences of title as may therein be admitted. Not only are the parties thus relieved of the preparation of unnecessary testimony, but the public business is expedited." Ege v. Medlar, 82 Pa. 87.

When title to land is denied, we know of no other action than that of ejectment. In North Pennsylvania Coal Co. v. Snowden, 42 Pa. 488, 82 Am. Dec. 530, the question was exhaustively considered, and it was decided that equity would not lie for an account between tenants in common where the title of the plaintiff was denied, until the title had been settled by an action of ejectment. The principles there laid down comprehend every case where title to land is involved and have been followed without deviation to this day by this court.

"An adverse holding by one tenant in common, for any length of time, however short, previous to the institution of an action of partition, will bar a recovery in such form of action, for ejectment, and not partition, is the proper remedy against a person holding adversely." McMasters v. Carothers, 1 Pa. St. 324; Law v. Patterson, 1 Watts & S. 184.

OPINION BY MR. JUSTICE STERRETT:

In 1861 plaintiff in error's husband, Henry N. Kellogg, under whom both parties to this contention claim, became owner in fee of the premises in controversy, and died intestate in 1863, leaving to survive him two minor sons, William and Martin, children by a former wife. After attaining their majority, the sons conveyed their interest in the lot to defendant in error.

If Mrs. Kellogg had consistently asserted her right of possession as widow of her deceased husband and had not claimed adversely to the vendee of his heirs at law, the latter could not have maintained this action of ejectment; but it appears that in 1874, shortly after the conveyance to him, she asserted title in herself as donee of her husband, and denied that he died seised of the premises in controversy. That fact is clearly shown by the evidence of plaintiff below; and hence he was justified in bringing this action of ejectment. Again; after suit was brought, in obedience to rule of court, she filed an abstract of title in

which she denied that the heirs at law of her deceased husband
had any interest in the premises at the time they conveyed to
plaintiff below; she also set up an outstanding tax title, based
on sale for taxes of 1874; and asserted title in herself by "unin-
terrupted and adverse possession of the *locus in quo* under a
claim of right for more than twenty years."

After plaintiff below had introduced evidence sufficient to
warrant a verdict in his favor, defendant moved to amend her
abstract of title by stating: "That the defendant, Jane Kellogg,
is the widow of H. N. Kellogg, deceased; that H. N. Kellogg
died seised of the premises in question, and that she has been
ever since her husband's death and now is in possession of said
premises by virtue of her right as widow; that she is the admin-
istratrix of her deceased husband, and that said estate is unset-
tled."

The motion was refused, but she was permitted to introduce
evidence of the facts therein alleged as fully as if the amend-
ment had been allowed. She also asked leave to amend her ab-
stract by striking out the last paragraph thereof, *viz.,* the asser-
tion of title in herself under the statute of limitations. That
was also denied. The refusal of these motions forms the sub-
ject of complaint in the first and second specifications, respect-
ively.

At first we were inclined to think the amendment in question
should have been allowed on payment of all costs to that date.
Anything more favorable to defendant below than that should
not have been entertained. But when we consider all the cir-
cumstances of the case as disclosed by the evidence, in connec-
tion with the fact that no excuse whatever was given or offered
for not filing a correct abstract of title at the outset, and the
further fact that she was permitted to give in evidence every-
thing she could have proved if the amendments had been made,
we are not prepared to say there was any error of which defend-
ant below has any just reason to complain. Moreover, there
was no offer to amend the abstract by striking out the averment
of outstanding tax title, which in itself is a denial, by necessary
implication, of title in heirs at law as well as in their vendee.

The rule of court which provides for filing abstracts of title
in actions of ejectment is a good one. If properly observed and
enforced, it tends to speed the trial, and guard the parties
against surprise from the introduction of evidence they would

otherwise not be prepared to meet. It contemplates the filing of a correct abstract of the title on which the parties respectively intend to rely. If by mistake or inadvertence an erroneous abstract is filed, permission to amend should always be allowed on such terms as are usual in other cases of amendment.

As was said by the present Chief Justice in Ege v. Medlar, 82 Pa. 87, 101: "Ordinarily, an abstract of title filed by either party under a rule of court would be in evidence, for its principal design is to relieve the case of the proof of such papers and evidences of title as may therein be admitted. Not only are the parties thus relieved of the preparation of unnecessary testimony, but the public business is expedited."

As the case stood upon the evidence before the jury there was a question of fact, for their determination, upon which the validity of the alleged tax title depended. That question was determined in favor of plaintiff below, and is not involved in any of the specifications of error. There was also the question whether defendant below did or did not claim adversely to plaintiff. That was also properly submitted to the jury and found against her.

There is nothing in the remaining specifications that calls for special notice. We find no error in either of them that would justify a reversal of the judgment.

Judgment affirmed.